J. C. HOOK *v.* W. T. DONALDSON.

INFANT. *Contract conveying him land is not void but voidable. Ratification.* A contract in writing, executed by an infant, which conveys to him land in fee, and recites a money consideration secured by the notes of the infant, is not void but voidable only, and unless disaffirmed within a reasonable time after he comes of age, will be binding on the infant, although the notes given for the purchase money may be void because negotiable; and a delay of four years is unreasonable, during the first two of which years the infant paid three of the instalments of the purchase money, and during the last two the land depreciated in value.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

J. M. GREGORY for complainant.

T. B. EDGINGTON for defendant.

COOPER, J., delivered the opinion of the court.

Bill to disaffirm a contract for the sale and purchase of land upon the ground of the infancy at the time, of the complainant, and cross-bill to specifically execute the contract. The chancellor granted the relief sought by the original bill, and the defendant appealed.

The case was transferred to the docket of the commission court of 1879, heard by that court, and the

decree affirmed June 3, 1879.    On August 26, 1879, a petition to rehear the case was filed, and the application was granted, and the case remanded to the docket of this court on Nov. 12, 1879.  The order of this court approving the acts of the commission court was entered on Nov. 29, 1879.  It now appears that the complainant died on the 24th of July, 1879. The learned counsel of the appellee suggested the query, whether the death of his client does not avoid the subsequent proceedings, and leave the decree of affirmance in full force.   But, under the act creating the commission court, its orders and decrees only become binding when approved by this court, and as that approval was had after the death of the complainant, if that death avoided the proceedings of the commission court, it would avoid them altogether.   Moreover, the term of the commission court would, in legal contemplation, be as one day, and its proceedings relate to the first day of the term, thereby antedating the death of the complainant for all the orders made.

On the 10th day of January, 1872, W. T. Donaldson, the defendant, sold the lot in controversy to one James T. Evans, in consideration of fifty dollars paid in cash, and the notes of Evans of that date, nineteen in number, payable to Donaldson at intervals of six months, for $50 each.    An instrument in writing was drawn up that day, and signed by both of the contracting parties, which was duly proved and registered, embodying the terms of the contract.    By that instrument, Donaldson sold and conveyed the land to Evans in fee, with covenants of general warranty, and the

other usual covenants, the consideration being set out as above, and a lien being retained for the payment of the notes. It was expressly stipulated that if either, or any part of either of said notes should not be paid when due, then all of the notes unpaid should immediately become due for the amount expressed on their face, less a discount at the rate of six per cent. for the time they had to run, and one D. P. Davis, after advertising as prescribed, might sell the land in satisfaction thereof.

Shortly afterwards, Evans sold his interest in the trade to complainant Hook, in consideration of the payment to him by Hook of the fifty dollars cash paid by Evans to Donaldson, and the delivery up to him of his notes to be replaced by the notes of Hook to Donaldson of the same date, for the same amount, and having the same time to run. Donaldson consented to this arrangement, and, on April 22, 1872, an instrument in writing was drawn up, signed by Donaldson, Evans and Hook, reciting the facts, and embodying the terms of the agreement. By this instrument, Donaldson and Evans "sell and convey" the lot to J. C. Hook, "his heirs and assigns forever," with all the covenants of the original deed to Evans, and it is provided that D. P. Davis shall have the same power of sale in case of default of the payment of the new notes, as in the original deed. This instrument was also duly proved and registered.

In July, 1872, complainant paid to the defendant Donaldson the amount called for by the first of his notes, which then fell due. He was then under age,

although the fact was not then known to the vendor, and he was working for himself, controlling his own wages. He came of age on the 27th of October, 1872. Afterwards, he paid, as they fell due, the next three notes, maturing January 10, 1873, July 10, 1873, and January 10, 1874. In the month of August, 1874, the defendant sued the complainant before a justice on the unpaid notes then due, and the defendant pleaded in defense that he was an infant at the execution of the notes. It was then agreed by the parties, that the suit should be dismissed, and that the complainant would file a bill, whereby the matters in dispute could all be settled in one suit. The present bill was accordingly filed on August 19, 1876.

The instrument of the 22d of April, 1872, is an absolute conveyance of the lot in controversy by the defendant Evans to the complainant in fee, reserving a lien for the security of the purchase notes. It is an executed contract as far as the grantors are concerned, and clothed the complainant with the title to the land. It is common learning that an infant may receive and hold real estate, the same as an adult: Bish. on Con., sec. 263. For *prima facie* the conveyance is to his interest. The same is true of a married woman, although she cannot bind herself for the purchase money either by note or contract. And we have expressly held, notwithstanding the disability of a married woman to contract, that by the acceptance by her of a deed of conveyance of land, in which a lien is retained for the payment of the purchase money, she becomes clothed with the title to the land subject

to such payment. The contract is executed, and she is not entitled to have the purchase money paid refunded. The vendor may enforce the lien reserved for unpaid purchase money, although he cannot recover a personal decree therefor, and although the notes and the contract for the purchase money be executory, and not binding on the married woman: *Willingham* v. *Leake,* 7 Baxt., 453; *Jackson* v. *Rutledge,* 3 Lea, 626. If the grantee be not disabled to contract, the delivery and acceptance by him of a deed to land, not only clothes the vendor with the right to charge the land with the purchase money, but creates a personal liability on the part of the grantee to pay the purchase money as recited in the deed: *Trezevant* v. *Bettis,* 1 Leg. Rep., 48; *Lee* v. *Newman,* 1 Memphis L. J., 139; *Holbert* v. *Edens,* 5 Lea, 204. An infant is not, like a married woman, incapable of making a binding personal contract. On the contrary, the general rule is that he may contract. His contracts are voidable, and only void in exceptional cases: *McMinn* v. *Richmonds,* 6 Yer., 9. Even if his negotiable promissory note be void, he may be liable for the consideration evidenced by the note, or for which the note was given: *Id.; Reed* v. *Boshears,* 4 Sneed, 118. And he may make a conveyance of land in mortgage to secure a debt contracted by him, such conveyance being only voidable not void: *McGan* v. *Marshall,* 8 Hum., 121. He may, therefore, accept a deed for land, and contract therein for the payment of the purchase price, and that the purchase money shall be a lien on the land. Such an instrument executed by

an infant is not void, but voidable: *Wheaton* v. *East,* 5 Yer., 41; *Scott* v. *Buchanan,* 11 Hum., 468. The notes may be void, but the contract and the consideration are merely voidable.

The only question in the case admitting of any discussion is whether the complainant is entitled, under the circumstances of the case, to disaffirm this *voidable* contract by reason of his infancy. And it has not been contended that he can, if the contract be only voidable. The theory of the bill, and of the argument submitted on complainant's behalf is that the notes executed for the purchase money were void, and that the contract for the land was only collateral and executory. The complainant paid three of the instalments of purchase money after he came of age, well knowing all the facts, and virtually admits in his bill and deposition that he became aware of his right to disaffirm by reason of his infancy when he ceased to pay the instalments, which was in July, 1874. It was not until more than two years thereafter that he gave the vendor notice, by pleading infancy in the action at law, that he desired to disaffirm. In the meantime, as the proof shows, the lot in controversy, which was worth at the time of the contract and also in July, 1874, the purchase price, had depreciated in value about one-half. This court has repeatedly held that the voidable contract of an infant is confirmed by his failure to disaffirm in a reasonable time, and this for the obvious reason that the other party cannot set up the infancy as a ground of rescission, and that it would be a fraud upon such party to be sub-

ject for an indefinite period to the right of election of. a person *sui juris:* *Wheaton* v. *East,* 5 Yer., 41; *Scott* v. *Buchanan,* 11 Hum., 476. It was long ago held that if an infant execute a partition deed, and, after he arrive of age, hold over or occupy his part, it would be a confirmation: Co. Lit.t, 171, *b.* It is also settled law, in the analogous case of a contract vitiated by fraud, that any act of the party entitled to take advantage. of the fraud, by which, after knowledge of the fraud, he treats the contract as subsisting, will be an affirmance. There can be no rescission afterwards: *Knuckolls* v. *Lea,* 10 Hum., 377; *Gilbert* v. *Hunnewell,* 12 Heis., 289; *Summers* v. *Wilson,* 2 Cold., 469.

The decree must be reversed, the original bill dismissed with costs, and a decree rendered here upon the cross-bill for the amount of the unpaid purchase money reduced according to the contract, and all the costs of the cause.